UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

LARRY MAJOR CLAY,                    )      CASE NO. 5:06 CV 2942
                                     )
          Plaintiff,                 )      JUDGE JAMES S. GWIN
                                     )
     v.                              )
                                     )      MEMORANDUM OF OPINION
PAUL R. HOFFER, et al.,              )      AND ORDER
                                     )
          Defendants.                )


          On December 7, 2006, plaintiff pro se Larry Major Clay
filed this in forma pauperis action under 42 U.S.C. § 1983 against
Attorneys Paul R. Hoffer and Philip W. Murray.  For the reasons
stated below, this action is dismissed pursuant to 28 U.S.C. §
1915(e).

          The complaint alleges that Hoffer represented Clay in a
civil rights case filed in this court in 1994, Case No. 5:94 CV
189, which was dismissed for failure to prosecute.  It is further
alleged that Clay then filed a pro se civil rights case in 1995,
Case No. 5:95 CV 1241, concerning the same subject matter as Case
No. 5:94 CV 189, but that it was dismissed as barred by the
doctrine of res judicata.  Finally, Clay filed a legal malpractice
action in the Ohio Court of Common Pleas against Hoffer, which was

dismissed on summary judgment in October 2004.  Clay asserts in the within action that Hoffer's conduct constituted "ineffective assistance of counsel" and legal malpractice.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

In Parratt v. Taylor, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

Even liberally construed, there is no reasonable suggestion that Hoffer's alleged actions and omissions were either

---

[1]    A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

"under color of state law" or violated plaintiff's constitutional rights.  Further, although there is thus no basis for this court to exercise jurisdiction over plaintiff's asserted pendent claims, it appears evident on the face of the complaint that any such claims would clearly be barred by the doctrine of <u>res judicata</u>.

Accordingly, the request to proceed <u>in forma pauperis</u> is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 1, 2007          <u>s/  *James S. Gwin*</u>
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

3